## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BURTON SURRENCY
a/k/a BARTON C. SURRENCY,

      Petitioner,

vs.                                             Case No. 8:04-CV-1579-T-30EAJ

LUCY HADI, Secretary,
Florida Dep't. of Children and Families,

      Respondent.

_____/

## ORDER

      This matter comes before the Court for consideration of Petitioner's Notice of Appeal and Request for Certificate of Appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253[2] (Dkt. 27).  Petitioner is challenging the November 30, 2006 decision denying his petition for relief under 28 U.S.C. § 2254.  Petitioner did not pay the $455.00 appellate filing fee and costs or file a request to proceed on appeal *in forma pauperis*.

      While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a certificate of appealability where a district court has

---

[1]"Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2]"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

rejected a petitioner's constitutional claims on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

In his petition, Petitioner challenged his 2001 civil commitment as a sexually violent predator. Having found that Petitioner failed to "fairly present" the federal dimension of any of his claims to the state courts, the Court concluded that the claims were procedurally barred under 28 U.S.C. § 2254(b).  Because Petitioner has failed to show that jurists of reason would find the Court's assessment of the constitutional claims debatable or wrong or that the Court was incorrect in its procedural ruling, he has failed to satisfy the two-prong *Slack* test.  529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that the Request for Certificate of Appealability (Dkt. 27) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 29, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
Petitioner/Counsel of Record

SA: jsh

- 2 -